# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

(1) RANDY PIERCE; and  
(2) SHANE ALBERTY,  

     Plaintiffs,  

vs.        Case No. 15-cv-540-TCK-PJC

(1) MAYES COUNTY;  
(2) THE BOARD OF COUNTY COMMISSIONERS FOR MAYES COUNTY;  
(3) COUNTY COMMISSIONER RYAN BALL, individually,  

     Defendants.

## COMPLAINT

Comes Now the Plaintiffs, Randy Pierce ("Pierce") and Shane Alberty ("Alberty") and for their Complaint against Defendants Mayes County (the "County"), the Board of County Commissioners for Mayes County (the "Board") and County Commissioner Ryan Ball, individually ("Ball"), allege and state as follows:

### JURISDICTION AND VENUE

1. Pierce is an individual residing within Mayes County, Oklahoma.

2. Alberty is an individual residing within Mayes County, Oklahoma.

3. County is a political subdivision of the state of Oklahoma.

4. The Board is the governing body of the County and is designated to act on behalf thereof.

5. Ball was at all times relevant to this Complaint the County Commissioner of District 3 of Mayes County, Oklahoma, and is a resident of Mayes County, Oklahoma.

6. All of the actions which give rise to the claims of Pierce and Alberty occurred within Mayes

County, Oklahoma.

7. This Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1331 and § 1343 over Count III of his complaint which alleges a violation of 42 U.S.C. § 1983 and has supplemental jurisdiction over the remaining claims of Pierce and Alberty pursuant to 28 U.S.C. § 1367.

8. This Court has jurisdiction over the parties hereto and the subject matter hereof and is a proper venue for this cause.

## FACTUAL ALLEGATIONS

9. For approximately eight years Pierce was employed by Mayes County as a truck operator in District 3.

10. For approximately four years Alberty was employed by Mayes County as a truck operator in District 3.

11. Pierce and Alberty reported to Carl Scott ("Scott"), the Road Foreman for District 3.

12. Scott reported to Ball, the Mayes County Commissioner for District 3.

13. Ball became the Mayes County Commissioner for District 3 beginning in 2010. In March 2014 he announced his candidacy again for the District 3 Commissioner position. The election for the District 3 Commissioner position was held on November 4, 2014.

14. In April 2014, Pierce also decided to seek election as Mayes County Commissioner for District 3. He immediately called his supervisor, Scott, and told him he was running. A week after Pierce was on vacation, Scott told Pierce that Ball was very upset about Pierce's candidacy and Ball had said Pierce should not come back to work.

15. According to the Mayes County Employee Handbook, a leave of absence is allowed if it is

approved by an elected official.

16. On Thursday of the week that Pierce was off work on vacation, Scott called him and told him to go to the County Clerk's office to make application for a leave of absence. Pierce could not get to the County Clerk's office before the following Monday. On Monday morning before the office even opened, Alberty called Pierce and told him he had heard Pierce was fired. At all times Pierce believed Scott was doing those things necessary to get approval for Pierce to take a leave of absence during the election.

17. Pierce continued with his campaign. During his campaign Alberty remained employed by Mayes County, but he also on his off hours assisted Pierce with his campaign by plaacing campaign signs around the County and doing other things helpful to Pierce.

18. On November 6, 2014, two (2) days after the election, during which Pierce lost to Ball, Alberty was terminated by Ball. Ball approached Alberty and said, "As of this morning, I don't need you anymore."

19. During their respective tenures with Mayes County, neither Pierce or Alberty were never reprimanded or disciplined.

20. Pierce and Alberty relied upon Mayes County's incremental discipline policy.

21. Pierce lacked two weeks of being vested in his Mayes County Retirement earnings. He had previously been told by Mayes County officials that he was fully vested.

22. No reason was ever given to Pierce or Alberty for their firings by Scott and Ball.

23. At no time was political loyalty required from Pierce and Alberty to Ball. Pierce and Alberty were at all times laborers for District 3 of Mayes County and they had no decision-making authority or responsibilities, nor were they subject to confidential information.

24. The decision to terminate Pierce and Alberty was not based upon job performance issues. Rather, on information and belief, Ball terminated Pierce and Alberty entirely because of political affiliations.

## COUNT I:
## POLITICAL PATRONAGE

25. Pierce and Alberty adopt and reassert the allegations of paragraphs 1 - 24 above in this Count I.

26. The termination of Pierce and Alberty was motivated entirely by Ball's belief that they were not loyal to him.

27. Ball acted under color of state law.

28. As a result of the actions of the Defendants, Pierce and Alberty have suffered extreme emotional pain and suffering.

29. Pierce and Alberty have been deprived income in the form of salary and benefits as a result of Defendants' actions.

30. Defendant Ball's actions were willful and malicious, thereby entitling Pierce and Alberty to punitive damages.

31. Pierce and Alberty demand judgment in their favor and against Defendants for actual damages, including back-pay, front-pay, compensatory damages, punitive and exemplary damages against Defendant Ball, in excess of Ten Thousand Dollars ($10,000.00) each, attorney fees, costs and expenses, as provided by law; and for any such other legal or equitable relief this Court deems just and proper.

## COUNT II
## CIVIL RIGHTS CLAIM FOR VIOLATION OF
## RIGHT TO FREE SPEECH

32. Pierce and Alberty adopt and reassert the allegations of paragraphs 1 - 31 above in this Count II.

33. Defendants discharged Pierce and Alberty from employment with the County, in part, because of their speech and the exercise of First and Fourteenth Amendment rights to speak out on matters involving political activity.

34. Defendants violated the clearly established constitutional rights of Pierce and Alberty that a public employee may, without retaliation, speak on a matter of public concern, of which a reasonable person would have known.

35. As a direct and proximate cause of Defendants' acts, Pierce and Alberty have suffered mental anguish, emotional distress, embarassment, humiliation and economic loss.

36. Pierce and Alberty have been injured by the denial of their right to free speech through loss of wages, emotional distress, and they re entitled to punitive damages against Defendant Ball and any other damages allowed under 42 U.S.C. § 1983, in that the conduct violated the First and Fourteenth Amendments to the United States Constitution.

37. Pierce and Alberty request judgment in their favor and against Defendants County and Ball and for actual and compensatory damages, punitive and exemplary damages against Defendant Ball, attorneys' fees, costs, interest and all other relief that is just, equitable and appropriate.

Respectfully submitted,

    *s/Jean Walpole Coulter*
Jean Walpole Coulter, OBA # 9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
jeancoult@aol.com